UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DORAN GYLES,

                    Plaintiff,

  -against-

THE CITY OF NEW YORK,
and JAMES SEDER,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Doran Gyles, by his attorneys Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Doran Gyles was an adult male resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant James Seder, Tax No.: 947479, was employed by the City of New York as a member of the NYPD. Seder is sued herein in his official and individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

6. On April 9, 2011, at our about noon, plaintiff was on Livonia Avenue, between Sheffield and Pennsylvania Avenues, in Kings County, New York.

7. Plaintiff was heading towards a supermarket on the block, where he was going to shop for food for his household.

8. Defendant Seder stopped plaintiff outside the supermarket and searched him.

9. Plaintiff was not engaged in any suspicious activity and the stop and frisk conducted by the defendant was improper and unreasonable.

10. Plaintiff was not in possession of any contraband or any items that could reasonably justify his arrest.

11. Notwithstanding the lack of probable cause to arrest plaintiff on any ground, Seder handcuffed plaintiff and took him into custody.

12. Plaintiff was then transported to a local area NYPD station house, where he was held against his will for a period of hours, processed and fingerprinted.

13. Plaintiff was eventually issued a criminal summons or desk appearance

ticket pursuant to arrest number K11634616, which required him to return to criminal court on a later date, and was released from custody.

16. Despite the absence of probable cause to seize plaintiff, he was then taken to a local Staten Island precinct where he was held for a number of hours, fingerprinted, and issued a desk appearance ticket.

15. The Kings County District Attorney subsequently declined to prosecute plaintiff.

16. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

17. At no time did there exist any basis to handcuff plaintiff, much less refuse to loosen the overly tight handcuffs, nor could any of the defendants have reasonably believed that such conduct was necessary or appropriate.

18. That at all times relevant herein, defendant Seder was acting within the scope of their employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

19. Plaintiff repeats the allegations contained in paragraphs "1" through "18" above as though stated fully herein.

20. The individual defendant willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to

believe such cause existed.

21. The individual defendant willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful or necessary.

22. By so doing, the individual defendant subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

23. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**

24. Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

26. Defendant had actual or constructive knowledge that there was

inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

27. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

28. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

29. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and

supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

30. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

31. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

32. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

33. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated:   New York, New York
         April 8, 2014

                                      LUMER & NEVILLE
                                      Attorneys for Plaintiff
                                      225 Broadway, Suite 2700
                                      New York, New York 10007
                                      (212) 566-5060

                                By: _____
                                    Michael B. Lumer (ML-1947)